We'll turn to the day calendar and we'll hear the first case, Manuel de Jesus Perez Henriquez v. Jefferson B. Sessions III. Thank you. May it please the Court, Mike Rayfield on behalf of the petitioner Manuel Perez. The government doesn't contend that Mr. Perez can be removed based on his conviction under NYPL 220.03. And the government agrees with us that section 220.06 is categorically broader than the federal controlled substance offense because it includes a drug that isn't on the federal schedule. Now, we don't think that the modified categorical approach applies because the statute isn't divisible. But I'd like to start with what we consider to be the most straightforward reason for why Mr. Perez isn't removable. Even if this court were to apply the modified categorical approach, the government hasn't met its burden of demonstrating that this conviction was for possession of cocaine. The only document in the record of conviction that specifies a particular subsection of section 220.06 is Mr. Perez's superior court information. And this court has consistently held that a charging document on its own, a mere allegation of a crime, is insufficient to establish the basis of a conviction under the modified categorical approach. The government had to show that Mr. Perez confirmed that his plea, that his plea was based on cocaine. Because it didn't do that, it failed to satisfy what the Supreme Court has called the demand for certainty required under its precedence. So, just to take a step back, there's no dispute that a section 220.06 conviction is not categorically a removable offense related to a controlled substance because it includes a drug called chorionic gonadotropin, as this court recognized in the Harbin decision last year. The government relies entirely on the modified categorical approach to establish its case, and specifically on three documents, only one of which identifies any particular subsection of 220.06. Mr. Perez's superior court information says that he would say that he was charged with possession of cocaine, 500 milligrams or more. But this court has held that an information or an indictment is not evidence of a conviction. It's only an allegation designed to place the defendant on notice. And under this court's precedence, a charging document is insufficient. That's this Court's decision in Rosa and James, which we've cited in our brief. And I also wanted to point the Court to this Court's decision in United States v. Green, 480 F. 3rd. 627, which is not cited in our brief, but which also makes clear that an indictment is insufficient under the modified categorical approach. Now, the only other two documents that the government submitted in support of the modified categorical approach are Mr. Perez's waiver of indictment and his certificate of disposition. Neither of these documents specifies any particular subsection of section 220.06 or any particular drug. So if anything, these documents suggest that Mr. Perez did not plead guilty to any particular subsection of 220.06. The government hasn't submitted any plea agreement or a plea colloquy or any finding of the trial judge. How do you explain that, if at all, if you care to explain it? That is, is it not curious that they haven't done so? I can explain it, Your Honor. Sometimes these records aren't available. Sometimes — but another possibility is that the plea colloquy or the plea agreement just didn't shed light on which subsection Mr. Perez was convicted under, if any. But there's — the bottom line is that there's no confirmation by Mr. Perez that he pleaded guilty to the offense in the information. And because the government hasn't satisfied this demand for certainty, Mr. Perez isn't removable. But there's a second reason why Mr. Perez can't be removed based on 220.06, which is that because the identity of a drug is not an element of a section 220.06 conviction, the statute is not divisible, and therefore the modified categorical approach can't be applied to begin with. Under the Supreme Court's decision in Mathis last year, it's not enough that a statute is simply divided into parts, if it uses what the Supreme Court called an itemized construction. A statute is divisible only if its separate components are elements of a crime rather than diverse means of satisfying a single element of a single crime. And under that — under the Supreme Court's decision, something is an element only if a jury has to find it beyond a reasonable doubt or if a defendant necessarily pleads it by pleading guilty. And to decide whether that's the case, you have to look to two things. You have to look to the text and structure of the statute and decisions of the governing state courts. And, starting with the text — Are you telling me that a jury — that someone could be under 220.06 convicted of 220.06 even if the jury — half the jury thought that that person had a controlled substance with intent to sell it — that's subsection 1 — and the other half agreed that he possessed cocaine — just simple possession of cocaine? Is that your reading of 220.06? That is — What is it about the structure of 220.06 that would allow you to — or permit us to read it in that way, which seems counterintuitive given the intent requirement in subsection 1? And I understand that it — that because the statute is divided up, it's — it's a little bit different from what this Court was faced with in Harbin, but two — Or what the — what the Court was faced with in — in Mathis. Correct. But the — it's not meaningfully different for two reasons. First, all of the — all of the offenses on — under 220.06 carry the same punishment, which this Court held in Harbin is a strong indicator that this is one offense with different means rather than separate elements of an offense. And the second reason we know — we know this is because, in general, under New York law, the New York — the New York courts have treated drugs — different drugs listed in its schedules interchangeably. It doesn't generally matter under New York law which substance — which particular drug you're accused of using. The jury could find you — half of the jury found that you possessed chorionic anadropin with intent to sell it, and half the jury found that you possessed cocaine, 500 milligrams or more. Or at least there's nothing in New York law that would suggest otherwise. And so — and so, in other words, the prosecution could present a — present a theory that — What about People v. Lawrence? So People v. Lawrence holds that — that the government has to prove a — the — the weight element beyond the reasonable doubt. This — this is actually — People v. Lawrence was actually decided before the New York statute was amended to make clear that the — that the weight element doesn't — isn't — that the knowledge element doesn't modify the weight to prove at least one of the subsections beyond a reasonable doubt. But the jury doesn't have to agree on which of the — on which of two alternative theories it — it — it believes. So, for example, if the government were to bring a — a case that — accusing the defendant of — of possessing 500 milligrams or more of cocaine with intent to sell, which if proven would satisfy either of the subsections, both 1 and 5, if half the jurors thought that the defendant possessed 500 milligrams of cocaine without an intent to sell and the other half thought it was 400 milligrams with an intent to sell, the jury could return — could return a guilty verdict. And under Mathis and — and Harbin, the — that kind of statute is not divisible. So unless the Court has any questions, I'll reserve the remainder of my time. MR. STOLZER. Good afternoon, Your Honors, and may it please the Court. Rob Stolzer on behalf of the AG. Your Honors, on this divisibility question, I'd just like to illustrate the absurdity of Petitioner's construction. Under the statute subsection 6, ketamine in 1,000 milligrams or more, which the rest of us would call a possession, is a convictable offense under subsection 6. But under Petitioner's construction, what if they only proved he had 700 milligrams of ketamine? Well, if it is true, as Petitioner contends, that the controlled substances are just interchangeable, that they don't matter under New York law, well, then that's fine. We can just charge him under subsection 5. It says cocaine, but if it — if the substances are interchangeable, well, then — well, we have 700 milligrams of ketamine. That would be enough. Now, we know that's not the case. We know that's an absurd construction of New York law because this statute does not look like the other New York controlled substances statutes, and because it's not treated the same way as the other New York controlled substances statutes. Petitioner has cited this Court's recent decision in Harbin. That was applying 220.31, and that was one of these generic controlled substances statutes that said simply that a person who is guilty of criminal sale of controlled substance, when he knowingly and unlawfully sells a controlled — when he knowingly and unlawfully sells a controlled substance. There's no breakdown there, no pointing to specific criminal consequences attached to specific behaviors. And, again, these behaviors that are listed in 2206 are incompatible. We have an intent element in one. We have various weights in others that the — under New York law has to be proved beyond a reasonable doubt. We have subsection 7 is a different ketamine. Is it true, though, that a jury could, if it's properly charged with 220.06, I mean, if the charge is proper, half of the jury could, setting aside your ketamine example, convict a defendant of subsection 1, a controlled substance, with intent to sell it, and half the jury could convict under 220.06 of section 5? No, Your Honor, because intent in that circumstance must be proved beyond a reasonable doubt. There must be an intent to sale. Well, why does subsection 1 have a controlled substance with intent to sell it, and then it says or? I don't know why New York law defines it that way. Isn't that an important — isn't that an important point? The whole point is that one of the subsections, the subsection under which the appellant here was apparently convicted, does not have an intent element. It just says possesses cocaine, and said cocaine weighs 500 milligrams or more. Right. It's my understanding that when New York reorganized the controlled substance offenses, a few years statutorily, they were reorganized not just for penological purposes, but also for punitive purposes. In other words, they're now categorized. And that's why the court has this odd one, the odd duck here, is .06, where it's got — well, this is — Is it the government's — let me simplify this for you. Is it your contention that the government can charge, and a jury can convict someone of violating penal law section 220.065 only if it shows that the defendant intended to sell cocaine? No, Your Honor. The conviction under that subsection requires simple possession of 500 or more milligrams. And that's why — that's why they are divisible, which brings me to my next step, of course. If it is a divisible statute, which we contend it is, then have we demonstrated that Petitioner was convicted of the cocaine element, which cocaine, of course, is federally controlled. Not all New York controlled substances are. The answer to your question — to that question is yes. We have the Certificate of Disposition that says Certificate of Disposition — Where does it show on the record that he actually admitted to that subsection? Okay. It says Certificate of Disposition dash Superior Court Information. So that's our first clue that we are going back to the Superior Court Information. It's a reliable link between the Certificate of Disposition — I'm looking at page 542 of the, I guess, certified record. Superior Court Information. Right. Richard Brennan, the special assistant DA, accuses — it's just an accusatory instrument. It is. It is. But it is linked by the language of the Certificate of Deposition to the — to the outcome where we know that's what he pleaded to. That's one way we know it, because in the Certificate of Disposition it points at the Superior Court Information. That's why we know it's a reliable document. Where does it say Certificate of Disposition? Two or three pages earlier in the record, Your Honor. Okay. Got it. That would be the — see, it says Certificate of Disposition, Superior Court Information. That's how we know we can go back to that Superior Court Information and see what was this case about. And I noted in my brief, of course, they have the same case name or the same detail, identifying information that tells us we can go back there. The problem, or a problem potentially, is it doesn't reference — it references 220.06. It doesn't reference 220.06.5. Correct, Your Honor. To get to subsection 5 — Oh, 1. Okay. — well, we have to know that he must have pleaded to one of the subsections. To get to 5, though, we can look to the next page in the record, Your Honor, which is the waiver of indictment. This is where he agrees specifically that the Superior Court Information will charge the offense named and will have the same force and effect as a grand jury indictment. Again, that's another initiative reliability. The reason we can go to the Superior Court Information is because he literally waived getting a grand jury indictment instead of that specific Superior Court Information. That's how we know it was cocaine and not just any other random controlled substance. Your Honors, if I might, I don't want to rush you, but on the issue of the aggravated felony failure to appear, I don't know if you had any questions on that issue, which is the other portion of immigration proceedings, of course, the relief side of things. Here, we urge the Court to defer to the reasonable construction in matter of Garza-Olivares describing the various elements of the failure to appear and also find that petitioner's particular crime is an aggravated felony failure to appear, as the Board did. To that end, we have all of the elements that the Board described, the failure to appear before a court, pursuant to a court order, to answer for a felony charge, and the felony charge is a Class A or Class B. Even if we get into the nitty-gritty, the particulars, the bail-jumping the petitioner committed was in relation to a felony charge for attempted murder, which is punishable between 15 years to life, which would satisfy that final element, and a felony for which the two years or more may be imposed. I won't belabor the point, Your Honors. Thank you for your time. Since you have a little bit of time, let me make you, if I could impose on you to reprise, to go back to the question of the documents that actually prove that he was convicted of violating Subsection 5. Would you identify the Shepherd documents that actually prove that he was convicted of violating Subsection 5? Yes, Your Honor. Just enumerate them. The Certificate of Disposition, the Waiver of Indictment, and the Superior Court Information are the three documents that establish that he did, in fact, was, in fact, convicted under Subsection 5. 541, 542, 543. Yes, Your Honor. And the only document that references the particular subsection is the Certificate of Disposition? Yes, Your Honor, which is reliable, however. Unlike, it's not, the case law is that an information or an indictment alone can't establish it, but standing in conjunction with other reliable documents, in this case, the disposition itself, which lists the certificate, excuse me, which lists the information, and also the Waiver of Indictment, which also lists the Superior Court Information, those two things point us at the Superior Court Information, and that is enough to say that that's what he was convicted for. Why is it that the Certificate of Disposition doesn't more specifically reference Subsection 5? I don't know, Your Honor, because I wasn't there. Is that usually the case, based on your experience? It is, based on my personal experience. That's an ambiguous question. So is it usually the case that this particular subsection is referenced in a Certificate of Disposition? I have never seen a New York case before, so I don't know about New York. I've done a lot of California cases and a lot of Texas cases, and it really depends on the clerk of the court. If you notice, that's signed off on by the clerk of the court. It's not signed off on by the judge. And what happens in these criminal cases is it all takes place in court, and the clerk is taking copious notes. After court's over, the clerk goes and creates that, either a minute order in some places, or here, it's a Certificate of Disposition, which then gets forwarded to the judge for final approval, saying, this is what happened in court, here was the charge, and here was this. I don't know why the clerk didn't include all of it there, but I don't think he needed to. It would be helpful. It would be helpful. Why would it be helpful? Well, it would be helpful because then we wouldn't even have this question. We wouldn't have to go to further documents, which is what we had to do to find what he was actually convicted of. There are no other questions, Your Honors. Thank you. Thank you. And I think that the circuitous path and the stacking of inference that my colleague has to resort to shows that the government hasn't satisfied the demand for certainty. The modified categorical approach doesn't tell us that we've got to look at just one document. It tells us that we can search the Sheppard documents and come to determination based on common sense. I don't think that's right, Your Honor. I think the modified categorical approach requires that the record documents show that Mr. Perez necessarily pleaded guilty. What else could he have pleaded guilty to based on documents from 541 to 543? We don't know, but the documents don't speak to this point with certainty. The only document that specifies... If there are no other subsections to which he could have pleaded guilty based on reviewing documents 541 to 543, what are we left with? You're left with a superior court information, an allegation of a crime, which doesn't necessarily establish the basis for the conviction. How much certainty have we required? Beyond a doubt, no. I think all that would be necessary here would be if the government had produced, say, a plea colloquy or a plea agreement in which Mr. Perez confirmed that the plea was based on the indictment, that would be a totally different case. But this Court's precedents make clear that a charging document isn't enough. And I'd like, again, to point to the Greene case, where this Court said, in this case, the government submitted an indictment specifying a particular subsection of NYPL 220.16 and a certificate of disposition that was ambiguous on the point. And the Court said, although we reject Greene's contention that Shepherd consideration of the certificate of disposition, we agree that the New York indictment did not provide a sufficient basis for the district court's finding and we conclude that the import of the certificate of disposition requires further exploration. In that case, the certificate of disposition contained a notation that actually arguably identified the subsection that the plea was based on. And if you look at, if you look closely at, and I'm sorry if I'm out of time, if I could just finish the thought, if you look at AR 541, the certificate of disposition, it says about halfway down, criminal possession of a controlled substance, 5th degree, PL 220.06, 00. That 00 is a place where in Greene, in Greene, that notation was actually 01. That is the place where the clerk would have indicated that the... Unfortunately, there is no 00 in the penal code. Right. But it suggests that the clerk was unable to identify any particular subsection that he pleaded guilty to, which suggests that he pleaded guilty to the statute as a whole and not to any particular subsection. In any event, you're not arguing that it would have been possible for your client to plead guilty to any other subsection of 220.06, right? It is possible because the statute criminalizes chorionic and adropin, which is not on the list of offenses. And is that part of the argument you're making, that it would indeed have been possible for him to plead to some other section? We don't know one way or the other. And the modified categorical approach requires certainty on this point. I mean, your point is it could have been one. It's just some controlled substance with intent to sell it. We just don't know. Exactly. And we know that subsection 1 covers a broader range of drugs than the federal offense. Unless there are any other questions, Your Honor. Thank you very much. Thank you very much. We reserve the decision.